UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JOSE ANGEL ANDUJAR,

    Movant,

v.                                        Case No. 8:25-cv-2691-WFJ-AEP
                                        Crim. Case No. 8:20-cr-220-WFJ-AEP

UNITED STATES OF AMERICA,

    Respondent.
_____/

## ORDER

Jose Angel Andujar, a federal prisoner proceeding *pro se*, moves to vacate his conviction under 28 U.S.C. § 2255. (Civ. Doc. 1). He also moves to "expand the record" to include several case-related documents. (Civ. Doc. 3). The motion to expand the record is **GRANTED**, and the Court has considered the exhibits submitted by Mr. Andujar. (Civ. Doc. 1-1). After careful review, the Court concludes that the § 2255 motion must be **DISMISSED as time-barred**. *See* Rule 4(b), Rules Governing Section 2255 Cases ("If it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party.").[1]

---

[1] A district court may *sua sponte* dismiss a § 2255 motion where, as here, the motion's "untimeliness is clear from the face of the [motion] itself." *Paez v. Sec'y, Fla. Dep't of Corr.*, 947 F.3d 649, 654 (11th Cir. 2020). As explained below, Mr. Andujar appears to concede that his motion is untimely, arguing instead that he is entitled to equitable tolling because he was "unable to prepare and file his § 2255 motion within the statutory period." (Civ. Doc. 2 at 2). Indeed, Mr. Andujar submitted a 24-page memorandum of law addressing, among other matters, the timeliness of his motion and the applicability of equitable tolling. (*Id.*

In August 2021, Mr. Andujar pled guilty to one count of conspiracy to distribute and possess with intent to distribute more than five kilograms of cocaine. (Crim. Docs. 270, 306, 308). On December 14, 2022, the Court sentenced Mr. Andujar to 152 months' imprisonment. (Crim. Doc. 484). The Eleventh Circuit affirmed on December 11, 2023. *United States v. Andujar*, No. 22-14164, 2023 WL 8542965 (11th Cir. Dec. 11, 2023). Mr. Andujar did not petition for a writ of certiorari. Instead, on September 30, 2025, he moved to vacate his conviction under § 2255. (Civ. Doc. 1 at 6).

Mr. Andujar's § 2255 motion must be dismissed as untimely. The Antiterrorism and Effective Death Penalty Act imposes a one-year statute of limitations for § 2255 motions. 28 U.S.C. § 2255(f). As relevant here, the clock begins to run when "the judgment of conviction becomes final." *Id.* § 2255(f)(1). Because Mr. Andujar did not file a petition for writ of certiorari, his judgment became final on March 11, 2024—90 days after the Eleventh Circuit affirmed his conviction. *Michel v. United States*, 519 F.3d 1267, 1268 n.1 (11th Cir. 2008). Mr. Andujar thus had until March 12, 2025, to seek relief under § 2255. He missed the deadline by over six months. Accordingly, his § 2255 motion is untimely.

Mr. Andujar resists this conclusion, arguing that he is entitled to "equitable tolling" because "from October 12, 2024, to February 5, 2025, [he] lacked meaningful access to

---

at 1-4, 6-7, 11-14, 16-20). *Sua sponte* dismissal is appropriate in these circumstances. *See Turner v. Sec'y, Dep't of Corr.*, 991 F.3d 1208, 1212 (11th Cir. 2021) (affirming *sua sponte* dismissal of § 2254 petition because "everything that the district court needed to determine timeliness was provided by [petitioner] in his petition"); *Thomas v. Fla. Dep't of Corr.*, No. 21-13068, 2023 WL 4488294, at *2 (11th Cir. July 12, 2023) ("Given [petitioner's] presentation of the pertinent dates and his own admission that his petition was untimely-filed, the district court had discretion to dismiss *sua sponte* [his] petition as time-barred . . . ."). Regardless, Mr. Andujar may move "to reopen his case" under Federal Rule of Civil Procedure 59(e) or 60(b) if he can show that dismissal was improper. *Turner*, 991 F.3d at 1212; *accord Regisme v. Sec'y, Fla. Dep't of Corr.*, No. 23-10582, 2025 WL 350316, at *1 (11th Cir. Jan. 31, 2025).

legal materials while being cycled through holds and transfers" in the federal prison system. (Civ. Doc. 2 at 2; *see also* Civ. Doc. 1-2). These allegations are insufficient to warrant equitable tolling.

To establish that equitable tolling applies, a petitioner must show "'(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Holland v. Florida*, 560 U.S. 631, 649 (2010) (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)). Moreover, a petitioner must "show a causal connection between the alleged extraordinary circumstances and the late filing of the petition." *San Martin v. McNeil*, 633 F.3d 1257, 1267 (11th Cir. 2011). The diligence required is "reasonable diligence," not "maximum feasible diligence." *Holland*, 560 U.S. at 653. "As an extraordinary remedy, equitable tolling is limited to rare and exceptional circumstances and typically applied sparingly." *Cole v. Warden, Ga. State Prison*, 768 F.3d 1150, 1158 (11th Cir. 2014).

Mr. Andujar's request for equitable tolling fails because he cannot "show a causal connection between the alleged extraordinary circumstances and the late filing of [his § 2255 motion]." *San Martin*, 633 F.3d at 1267. As noted above, the limitation period began to run in March 2024. Mr. Andujar alleges that from October 12, 2024, to February 5, 2025, he was "transferred repeatedly," "separated from [his] legal papers," and denied "consistent law-library access." (Civ. Doc. 1-2 at 1). But he fails to explain why he could not have filed his § 2255 motion during the seven-month period between March 2024 and October 2024. Nor does he show that he was unable to file his § 2255 motion in the one-month period between February 6, 2025, and March 12, 2025—the deadline to seek relief under

§ 2255. Because he had "ample time" to file a § 2255 motion despite the alleged impediments, Mr. Andujar cannot establish that "some extraordinary circumstance . . . prevented timely filing." *San Martin*, 633 F.3d at 1270; *see also Sanchez v. United States*, 170 F. App'x 643, 647 (11th Cir. 2006) (rejecting request for equitable tolling based on lockdown because "[p]rior to the lockdown, [petitioner] had nearly eleven months . . . to file his motion"); *Wilson v. United States*, No. 1:18-cr-610-KOB-HNJ, 2022 WL 17541010, at *5 (N.D. Ala. Dec. 8, 2022) ("[Petitioner] cannot show an extraordinary circumstance or reasonable diligence when he fails to show why he failed to file, or could *not* have filed, his § 2255 motion between August 27, 2019 when his conviction became final and March 2020 when he claims the lockdowns at Big Sandy began.").[2]

Accordingly, Mr. Andujar's motion to vacate under § 2255 (Civ. Doc. 1) is **DISMISSED as time-barred**. His motion to expand the record (Civ. Doc. 3) is **GRANTED**. The Clerk is directed to enter judgment against Mr. Andujar, to **CLOSE** this case, and to enter a copy of this order in the criminal case. Because Mr. Andujar fails to make "a substantial showing of the denial of a constitutional right," a certificate of appealability and leave to appeal *in forma pauperis* are **DENIED**. 28 U.S.C. § 2253(c)(2).

---

[2] Mr. Andujar appears to contend that he is entitled to a later start date of the limitation period because, under § 2255(f)(2), his claims did not become ripe until "government-created impediments"—spotty law library access and separation from his legal materials—were removed in February 2025. (Civ. Doc. 2 at 16). This argument lacks merit. To trigger a later start date under § 2255(f)(2), Mr. Andujar must show that the alleged impediments "caused an actual harm, or in other words, unconstitutionally prevented him from exercising [his] fundamental right of access to the courts in order to attack his sentence." *Akins v. United States*, 204 F.3d 1086, 1090 (11th Cir. 2000). As noted above, Mr. Andujar fails to explain why he could not have filed his § 2255 motion during either (1) the seven-month period before the impediments came into existence or (2) the one-month period after the impediments were removed. Thus, he is not entitled to a later start date under § 2255(f)(2). *See id.* ("The record does not support a finding of actual injury [under § 2255(f)(2)] when [petitioner] fails to explain why the seven months prior to lockdown were inadequate to complete and file his motion.").

**DONE** and **ORDERED** in Tampa, Florida, on October 6, 2025.

_____
WILLIAM F. JUNG
UNITED STATES DISTRICT JUDGE